

FILED
JUL - 6 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES S. LESANE,

    Plaintiff,

v.                                           Civil Action No. **3:08CV592**

JEFF FRAZIER, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a federal inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Plaintiff claims that Defendant Lansing, a corrections officer at NNRJ, violated his rights under the Eighth Amendment[1] and the Due Process Clause[2] by leaving the lights in Plaintiff's cellblock on all night "[i]n the week of [September 1, 2008]" and "again, in the week of [September 7, 2008]," thereby "preventing sleep." (Compl. 2.) Plaintiff seeks $8,000,000 in damages, along with injunctive relief.

### A. Eighth Amendment Claim

A plaintiff seeking to demonstrate that prison conditions violated his Eighth Amendment rights "must show both '(1) a serious deprivation of a basic

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII.

[2] "No State shall ... deprive any person of life, liberty, or property, without due process of law ...." U.S. Const. amend. XIV, § 1.

2

human need; and (2) deliberate indifference . . . on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (*quoting Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)). Sleep is a basic human need. *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. *See* [*Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)]. In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions . . . .'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

Plaintiff does not allege any physical or emotional injury resulting from Defendant Lansing's actions. Importantly, Plaintiff also fails to specify the period during which Defendant Lansing allegedly left the lights on. Plaintiff's allegations appear to refer to only two separate incidents. Indeed, as the complaint in this case was executed on September 8, 2008, Plaintiff's use of the phrase "in the week of [September 7, 2008]" cannot be interpreted to mean "every day of the week beginning September 7, 2008." Plaintiff therefore fails to allege any sufficiently serious deprivation of his basic human need for sleep. *See Murray v. Edwards County Sheriff's Dep't*, No. 06-3376, 248 F. App'x 993, 998-99 (10th Cir. Oct. 1, 2007) (holding that occasional disturbance of sleep by continual lighting, leading sometimes to mild physical symptoms, was not sufficiently serious to implicate Eighth Amendment's guarantees), *available at* 2007 WL 2827723, *3-4; *Nikirk v. Rodriguez*, No. 04-20305, 129 F. App'x 103, 104 (5th Cir. Apr. 20, 2005) (affirming district court's dismissal as frivolous Eighth Amendment denial of sleep claim based on nighttime head-counts where inmate failed to allege serious physical or psychological damage), *available at* 2005 WL 913676, *1. Accordingly, it is RECOMMENDED that Plaintiff's Eighth Amendment claim against Defendant Lansing be DISMISSED.

**B.     Due Process Claim**

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). A liberty interest may arise from the Constitution itself, or from state laws and policies. *Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005). To show that a liberty interest has been impaired, the inmate must show that a deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because "especially harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical," courts should consider the duration as well as the severity of the allegedly

unconstitutional conditions. *Sealey v. Giltner*, 197 F.3d 578, 586 (2d Cir. 1999) (*citing Welch v. Bartlett*, 196 F.3d 389, 392-93 (2d Cir. 1999)).

Plaintiff does not demonstrate that the conditions he endured constituted such a sufficiently atypical and significant hardship that he enjoyed a right to procedural due process in regards to their imposition. *See, e.g., Adams v. Steele*, No. 1:07-cv00181, 2008 WL 762495, at *2-3 (E.D. Mo. Mar. 21, 2008) (holding plaintiff had no liberty interest in avoiding conditions involving, *inter alia*, cell light being left on continuously for four straight days); *Barnes v. Craft*, 9:04cv01269, 2007 WL 1017307, at *12-13 (N.D.N.Y. Mar. 30, 2007) (holding that plaintiff had no liberty interest in avoiding continuous illumination in cell for a period of six days). Accordingly, it is RECOMMENDED that Plaintiff's due process claim against Defendant Lansing be DISMISSED.

C.  **Claims Against Defendant Frazier**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a right conferred by the Constitution or laws of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983). The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests. *See Bell Atl. Corp.*, 127 S. Ct. at 1964 (*quoting Conley*, 355 U.S. at 47). Thus, "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*citing Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Here, Plaintiff fails to mention Defendant Frazier in conjunction with his claims. Thus, it is RECOMMENDED that Plaintiff's claims against Defendant Frazier be DISMISSED.

D.  **Injunctive Relief**

On December 8, 2008, Plaintiff notified the Court that he is currently incarcerated at the Federal Correctional Institution in Otisville, New York. Accordingly, it is RECOMMENDED that Plaintiff's demand for injunctive relief be DENIED as moot. *See LaFaut v. Smith*, 834 F.2d 389, 395 (4th Cir. 1987); *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977).

(May 18, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. More than ten (10) days have elapsed, and Plaintiff has filed no response.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Petitioner does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

Plaintiff having no objections, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED WITH PREJUDICE for failure to state a claim. Plaintiff's outstanding motions will be DENIED AS MOOT. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: JUL 0 6 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge